OVERTON, J.
 

 (dissenting).
 

 Under the laws of the state of Texas, .a judgment prescribes in ten years from the date of its rendition as it does in this state. But in Texas, unlike it is in this state, a judgment bee.omes dormant, unless execution be issued from it within one year after its rendition. If execution so issue, although it be returned nulla bona, prescription does not run until ten years from that date, and it does not become dormant during those ten years. When a judgment becomes dormant in Texas, execution may not issue from it unless it be revived within the prescriptive pe
 
 *395
 
 riod, established in that state. It is not necessary to revive a judgment in Texas, if it may be done at all, when it has not become dormant.
 

 Two executions were issued in Texas from the judgment at different periods. The judgment has not become dormant there. It is still in full force in that state. It seems to me that the issuing of execution in Texas should be treated as a revival of the judgment and given the same effect,
 
 on
 
 the issue before us, as a revival by petition and citation would be given to a revived judgment here.
 

 It is true that it is ordinarily held that the effect of a revival, in the sense of a revival by petition and citation, is not only to cause prescription to be interrupted, but to cut off certain defenses which might have been urged, prior to the revival, against the judgment. However, one does not ordinarily sue to revive a judgment with the end in view of cutting off such defenses, which may be regarded as incidental effects of the revival; but this is done in some jurisdictions, to revive the judgment from a dormant condition, and, in this jurisdiction, to interrupt the course of prescription, for judgments do riot become dormant here.
 

 I concede that the prescription of judgments is governed by the law of the forum, but, as to how a judgment may be revived, I think, is governed by the law of the state where the judgment is rendered, and that, in Texas, an execution, duly issued, is a revival of the judgment in its practical aspects, I fail to see, if a different view be taken, how the full faith and credit clause of the Fed-oral Constitution and the act of Congress passed thereunder can be given the full force to which they are entitled. I therefore dissent.